UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ISAAC A. JOHNSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:12CV72 HEA |
| | ) |
| NORTHEAST CORR. CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

Before the Court is a document filed as a "supplemental complaint," on March 15, 2013. [Doc. #17]. The Court will interpret plaintiff's document as a post-dismissal motion to file an amended complaint.

Plaintiff, an inmate at the Southeast Correctional Center, brought the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Northeast Correctional Center ("NECC"). Specifically, plaintiff alleged that defendants used excessive force when removing him from his cell during his incarceration at NECC. Named as defendants in this action were two correctional officers and NECC. On December 19, 2012, the Court dismissed

this action as legally frivolous due to plaintiff's failure to allege capacity in his complaint.[1]  Plaintiff filed a notice of appeal on January 7, 2013.

It appears that plaintiff placed his "supplemental complaint" in the prison mailing system at SECC and mailed it to the United States District Court, Western District of Missouri, on February 21, 2013.  It is not entirely clear whether plaintiff intended to file his complaint as a new action in the Western District of Missouri or not[2], but at any rate, the Western District noted that plaintiff had placed this Court's case number on the complaint, so it did not open a new case for plaintiff, but instead decided at some point to send the pleading to this Court to be filed.  This Court did not receive the "supplemental complaint" until March 15, 2013, and it was not actually filed in our Court's electronic case-filing system until March 20, 2013.

---

[1]Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted

[2]The "supplemental complaint" was drafted on a Western District of Missouri Civil Complaint Form.  However, plaintiff placed this Court's case number on the complaint.

The Court has reviewed plaintiff's supplemental pleading and although it appears to fix his prior pleading errors, this Court lacks jurisdiction to grant plaintiff's motion to amend his complaint at this time.  The District Court lost jurisdiction to the Eighth Circuit Court of Appeals when plaintiff filed his Notice of Appeal on January 7, 2013.  As such, it must deny plaintiff's motion to amend his complaint, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [Doc. #17] is **DENIED** without prejudice.

Dated this 15 day of April, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE